IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN JACKSON,<br><br>            Plaintiff,<br><br>     v.<br><br>TEMPLE UNIVERSITY – OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION,<br><br>            Defendant. | Case No. 23-3170 |

**REPORT OF RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on September 29, 2023 and submit the following report of their meeting for the Court's consideration:

**1. Discussion of Claims, Defenses, and Relevant Issues**

<u>Plaintiff's Summary</u>; In October of 2018, Dr. Jackson was hired by Temple's College of Public Health as an assistant professor on the clinical track. Dr. Jackson was hired on a one-year contract for the 2018-2019 school year, a contract which was renewed the following spring. During the 2018-2019 school year, Dr. Jackson took on a variety of responsibilities at Temple. Dr. Jackson served as the Medical Director of Temple's Vaux Community Health Clinic, a community-based nurse managed clinic where Dr. Jackson assisted students with evaluating, diagnosing, treating, and referring patients to consultants based on their needs, educating patients and their family members about preventative care, and serving as a patient advocate and primary healthcare provider for an underserved population. Dr. Jackson also co-taught Clinical Assessment and Diagnosis in Advance Practice Nursing and Primary Care of Children for the nursing practice doctoral program at the College.

On February 27, 2019, Temple offered Dr. Jackson another one-year contract with the College, which she accepted. In the Fall of 2019, Dr. Jackson was the primary instructor for "Primary Care of Adults I Theory," a graduate level course, while also working at the Vaux Clinic. In her annual faculty evaluation for '19-'20 school year, Dr. Jackson's teaching was rated a 4.9 out of 5, based on criteria like student feedback, her expertise in teaching, availability to students and more. In recognition of her merit, then-Dean Siminoff recommended Dr. Jackson for a merit salary award for her exemplary performance.

In June 2020, after the decision to close the Vaux Clinic had been made, Temple offered Dr. Jackson a two-year contract, which she accepted. With the closure of clinic, Dr. Jackson began performing site visits for students working in the field, and continued teaching in the classroom. In the Spring of 2021, Dr. Jackson taught "Health Economics and Business Practices in Primary Healthcare," again at the graduate level. Once again, Dean Siminoff recommended Dr. Jackson for a merit salary award.

In the summer of 2021, Dr. Jackson suffered a serious head injury that required hospitalization. (Her significant concussion and post-concussion syndrome required her to recover for three months. Dr. Jackson went on paid Family and Medical Leave Act ("FMLA") leave beginning August 16, 2021. Paid leave was exhausted on October 15, 2021, and Dr. Jackson was transitioned to half-pay, per Temple policy, on October 16, 2021. Dr. Jackson's medical provider originally projected that she would be able to return to work by mid-November; ultimately, she was not able to return to work until January 15, 2022.

Dr. Jackson remained on half pay from October 16 until the date of her return in or around January of 2022. At that time, her physicians cleared her to work four hours per day, twice per week, with accommodations and rest periods as needed. Over time, she was able to progress to

four hours per day, five days per week. Eventually, she was able to work six hours per day, five days per week. During that period, Dr. Jackson taught three undergraduate courses at the College: two sections of "Nursing and Healthy Lifestyles Management" and one section of "Generalist Nursing Practice Internship."

On March 16, 2022, Dr. Mary Tehrhaar, then-chair of the Department of Nursing, sent a letter to Dr. Jackson extolling her efforts during the previous year, acknowledging that she was "unable to teach in the fall due to due to [her] injury," and "carried a modified load as [she] continue[d] to recover," and noting that "all [her] colleagues were happy to have [her] return in January for the spring semester." This letter was also sent to then-Dean Siminoff . Dr. Terhaar, who was responsible for oversight of curriculum, quality of instruction, staffing, resources, and accreditations, advocated for Dr. Jackson to be renewed on a one-year contract and began the process of assigning her courses for the Fall of 2022 semester.  Dr. Terhaar thought very highly of Dr. Jackson; though she had initially been recruited to work for the Vaux Clinic, Dr. Jackson had, in Dr. Terhaar's view, become vital to the preparation and training of doctoral and undergraduate students. Students, community partners, and faculty all enjoyed working with her.

In the Spring of 2022, specifically, as decisions about staffing for the upcoming academic year loomed, Dr. Terhaar found her department short staffed and desperately in need of faculty. Amy Bieda ("Bieda"), Undergraduate Program Director in the Department from 2021-2022, testified that there was a desperate need for Dr. Jackson's skillset in the Fall of 2022. She was "an excellent faculty member," according to Bieda, capable of teaching health assessment classes, healthy lifestyle, and a variety of other graduate and undergraduate classes. Bieda had no concerns about Dr. Jackson's performance or teaching abilities.

In the Spring of 2022, Dr. Terhaar communicated her concerns about being short-staffed to Siminoff and to Ross Silverman ("Silverman"), Associate Dean for Faculty Affairs, as well as her desire to renew Dr. Jackson. Dr. Terhaar found that Siminoff and Silverman were hostile to the idea of renewing Dr. Jackson. Siminoff insisted that Dr. Jackson's health would prevent her from being able to contribute to the College, even as Dr. Terhaar reported that her work was being done well, and she had already begun to ratchet up her workload.

Finally, Siminoff told Dr. Terhaar that did not intend to renew Dr. Jackson's employment, over Dr. Terhaar's objection. Dr. Terhaar was upset by the decision; Dr. Jackson had strong teaching evaluations, she was prepared to teach the classes she had already been assigned for the upcoming school year, and there was a shortage of qualified faculty at the College. On March 30, 2022, Dr. Jackson received a letter from Silverman, informing her that she would not receive a contract offer for the 2022-2023 school year.

Asked whether there was a role for Dr. Jackson in Spring of 2022, Lisa Johnson ("Johnson"), former Director of the Graduate Program in the Department, testified: "Emphatically yes." The same was true of the upcoming 2022-2023 school year. Temple misled the PHRC in the belief that Dr. Jackson's position was eliminated. In its statement to the PHRC dated October 14, 2022, Temple alleged, *inter alia*, that:

> Respondent originally hired Complainant to work as full-time clinical faculty at the nurse-led Vaux Clinic… during the COVID-19 pandemic, the Vaux Clinic was indefinitely closed as a primary care clinic. Around this same time, the Nursing Department reorganized its curriculum to better align with accreditation and state standards for training. Specifically, the Nursing Department moved away from curriculum based in primary care clinic settings.
> \*\*\*
> Accordingly, on March 30, 2022, the College of Public Health notified Complainant that it would not renew her contract, and her employment would end on June 30, 2022.

However, Dr. Jackson did not work at the Vaux Clinic at the time of the termination but the College of Public Health.  Rather, *Temple proceeded to advertise for full time faculty positions at the College of Public Health despite Dr. Jackspon's qualifications for a continued position* .  The decision not to "renew" Dr. Jackson's contract was not due to any shift in curriculum or reorganization of any department.  The termination was due to Dr. Jackson's request for a reasonable accommodation and the exercise of her FMLA rights.  Therefore, Temple's decision to not renew Dr. Jackson's contract was pretextual.

Defendant's Summary:  Temple University – Of the Commonwealth System of Higher Education ("Temple") hired Plaintiff as a clinical non tenure track faculty member in its College of Public Health, Department of Nursing.  Plaintiff had no prior experience as academic faculty, and was hired primarily to focus on clinical teaching at a community clinic.  Temple appointed Plaintiff for one-year contracts for the 2018 and 2019 academic years, each of which carried no presumption of reappointment or tenure.  In 2020, Temple appointed Plaintiff for a two-year contract, which again carried no presumption of reappointment or tenure.

At the beginning of the Fall 2021 semester, Temple approved Plaintiff's request for leave under the Family and Medical Leave Act ("FMLA") due to a non-work related injury she suffered.  After Plaintiff exhausted her entitlement to FMLA leave, Temple approved her requests for additional leave under the collective bargaining agreement covering Temple's faculty union, TAUP.  Plaintiff returned to work in January 2022 with restrictions, which Temple reasonably accommodated throughout the Spring 2022 semester.  Temple did not deny any request by Plaintiff for leave or other accommodation.

Beginning in Fall 2021, Temple took steps to change the nursing curriculum, including reducing the number of community clinic offerings and increasing specialty content available to

students, with changes becoming effective in the Fall 2022 semester. Due to the reduced need for clinical faculty members and Plaintiff's lack of academic teaching experience and expertise in the specialty areas for which it needed faculty, Temple did not renew Plaintiff's contract for the 2022-2023 school year.

Plaintiff never provided Temple with any information establishing that she had a disability. Rather, she requested leave and then a reduced work schedule, both of which were granted, for a non-work related injury that she suffered. Nothing Plaintiff submitted to Temple suggested she was expected to have any long-term or permanent impairments. Nonetheless, Temple granted every accommodation Plaintiff requested. Temple did not discriminate or retaliate against Plaintiff. Rather, it determined it did not make sense to renew the contract of a clinical instructor due to curriculum changes that required instructors with specific expertise that Plaintiff did not possess.

In addition to pursuing this action, TAUP filed a grievance and demand for arbitration challenging Temple's decision not to renew Plaintiff's contract, alleging that the decision violated the FMLA, which it alleges is incorporated into the collective bargaining agreement. The arbitrator selected by Temple and TAUP heard two days of hearing followed by the submission of post-hearing briefs. The arbitrator's decision is expected imminently.

Temple anticipates moving for summary judgment on all claims following the close of discovery.

2. **Informal Disclosures**

Plaintiff served initial disclosures under Rule 26(a)(1) on October 4, 2023.

Defendant served initial disclosures under Rule 26(a)(1) on September 29, 2023.

3. **Formal Discovery**

Plaintiff intends to seek discovery on factual issues by deposing, *inter alia*, Dean Laura Siminoff, Scott Rutledge, Dr. Mary Tehrhaar, Amy Bieda, Ross Silverman. IN addition, Plaitniff intends to seek written discovery.

Defendant intends to seek discovery on the factual issues set forth in the Complaint and Plaintiff's efforts to mitigate damages. Defendant also intends to depose Plaintiff.

The parties agree the discovery period should end March 8, 2024.

4. **Electronic Discovery**

All electronically-stored information ("ESI") in the possession of the parties is in a form that is readily convertible to hard-copy. The parties have taken reasonable steps to ensure that any admissible or discoverable ESI is not deleted, altered, or modified. Plaintiff intends to serve Defendants with a request for electronic discovery and proposed custodians. The parties will meet and confer on the breadth of ESI to ensure proportionality.

The Parties further agree that in the event privileged or confidential material is inadvertently disclosed in electronic discovery, such inadvertent disclosure shall not serve as a waiver of the applicable privilege or confidentiality protection, and that counsel who received the inadvertent disclosure will destroy or return the inadvertently disclosed materials.

5. **Expert Witness Disclosures**

Plaintiff most likely will retain a vocational and medical expert.

Temple does not anticipate a need for experts, but reserves the right to identify rebuttal witnesses if appropriate.

6. **Early Settlement or Resolution**

It is Temple's position that settlement discussions will be more productive following the forthcoming resolution of a labor arbitration regarding Temple's decision not to renew Plaintiff's

employment contract.  The parties are amenable to discussing settlement informally and to a settlement conference with a Magistrate Judge.

7. **Trial Date**

The Parties do not request a date certain for a trial date.  The Parties request that any trial date be 60 days after the Court's decision on any dispositive motion filed in this Action, so that the parties may plan accordingly.

8. **Other Matters**

The parties are not aware of other matters requiring the Court's attention at this time.

    _/s Robert Birch_____

Robert Birch

   ___/s Shannon D. Farmer_____

Shannon D. Farmer
Catharine E. Lubin