**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DR. SHAWN JACKSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **TEMPLE UNIVERSITY – OF THE** | : | |
| **COMMONWEALTH SYSTEM OF HIGHER** | : | |
| **EDUCATION** | : | **NO. 23-3170** |

## <u>SCHEDULING ORDER</u>

**NOW**, this 10th day of October, 2023, following a preliminary pretrial conference, it is **ORDERED** as follows:

1.	All motions to amend the complaint and to join or add additional parties shall be filed within thirty (30) days of the date of this Order.

2.	All fact discovery shall be completed no later than **February 2, 2024**.

3.	Counsel for each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) by expert report or answer to expert interrogatory no later than **January 5, 2024**. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve the information on counsel for every other party no later than **January 19, 2024**.  Expert depositions, if any, shall be concluded no later than **February 2, 2024**.

4.	Any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and damages shall, at the time required for submission of information and/or reports for expert witnesses on liability and damages set forth in the preceding paragraph, serve opposing parties with

concise details and/or documents covering the lay opinions of the Rule 701 witnesses, including the identity of each witness offering the expert opinion, the substance and the basis for each opinion.

5.   Counsel shall participate in a settlement conference before Magistrate Judge Scott W. Reid.  The parties shall contact Magistrate Judge Reid's chambers to schedule a settlement conference to take place before the fact discovery deadline.

6.   Motions for summary judgment shall be filed no later than **February 16, 2024**.  Responses shall be filed no later than **March 1, 2024**.  Motions for summary judgment and responses shall be filed in the form prescribed in Judge Savage's Scheduling and Motion Policies and Procedures, specifically:

(a)   The movant shall file a Statement of Undisputed Facts which sets forth, in numbered paragraphs, each material fact which the movant contends is undisputed;

(b)   The respondent shall file a separate Statement of Disputed Facts, responding to each numbered paragraph set forth in the Statement of Undisputed Facts, which the respondent contends presents a genuine disputed issue.  The respondent shall also set forth, in separate numbered paragraphs, each additional fact which the respondent contends precludes summary judgment;

(c)   All material facts set forth in the Statement of Undisputed Facts served by the movant shall be deemed undisputed unless specifically controverted by the opposing party;

(d)   Statements of material facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the parts of

2

the record which support each statement.  Each stated fact shall cite the source relied upon, including the title, page and line of the document supporting each statement.

7.      *Daubert* motions, if any, shall be filed no later than **February 23, 2024**. Responses shall be filed no later than **March 8, 2024**.  *Daubert* challenges will be waived unless a timely motion under this paragraph is filed.

8.      No later than **March 8, 2024**, counsel for each party shall serve upon counsel for every other party a copy of each exhibit the party expects to offer at trial.

9.      No later than **March 15, 2024,** each party shall file with the Clerk of Court a pretrial memorandum.  The pretrial memoranda shall include the following:

(a)      the identity of each expert witness to be called at trial by the party with a summary of the expert's opinions;

(b)      the identity of each fact witness to be called at trial with a concise statement of the nature and substance of the expected testimony (witnesses not listed may not be called by that party in its case-in-chief);

(c)      designations, specifically citing those portions by page and line number, of written or video deposition testimony to be offered at trial;

(d)      an itemized statement of damages or other relief sought;

(e)      a statement of any anticipated important legal issues which will require a ruling, together with counsel's single best authority on each such issue.

10.      All motions *in limine* shall be filed no later than **March 22, 2024**. Responses, if any, shall be filed no later than **April 1, 2024**.

11.      No later than **March 22, 2024**, any objections to designations of deposition testimony shall set forth the page and line numbers of the challenged testimony and a

clear statement for the basis of the objection.  The objecting party must provide the Court with a copy of the deposition transcript with the challenged testimony highlighted.  Any objection not made in conformity with this Order will be deemed waived.

12.     Any party objecting to the admissibility of any item of evidence expected to be offered, any exhibit based on authenticity, or any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately each such objection, clearly and concisely, in the pretrial memorandum. The objection shall describe with particularity the ground and the authority for the objection.  Any objection offered at trial in respect to any matter covered by this paragraph will be overruled if the objection should have been made as required by this Order.

13.     No later than **March 22, 2024**, the parties shall file with the Clerk of Court joint proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury.  Each party shall also file proposed jury instructions, verdict forms or special interrogatories on those issues not agreed upon by the parties in their joint submission.

14.     A final pretrial conference will be held on **Tuesday, April 9, 2024, at 10:00 a.m., in Chambers (Room 9614)**.  Trial counsel must attend the final pretrial conference and only those attorneys attending the conference may participate in the trial.

15.     At the final pretrial conference, the parties shall provide two copies of a schedule of exhibits which shall describe each exhibit.

16.     Counsel shall meet and confer to resolve all objections to exhibits and testimony prior to the final pretrial conference, leaving for the Court only those objections the parties could not resolve.

17.     At the final pretrial conference, counsel shall be prepared to address outstanding motions *in limine*, to state objections to witnesses and exhibits, and to respond to opposing counsel's objections.  Exhibits shall be provided on a memory device with a USB interface, such as a flash drive, thumb drive or memory stick.  Exhibits to which there are objections shall be arranged and tabbed in three-ring binders.

18.     Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated to by all parties and approved by the Court.

19.     The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial.  If a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

20.     This case will be listed for trial on **Thursday, April 11, 2024, at 9:00 a.m., in Courtroom 9A**.  Counsel and all parties shall be prepared to commence trial on that date. All counsel are attached for trial.

21.     Counsel shall follow Judge Savage's Policies and Procedures which can be found at www.paed.uscourts.gov.

TIMOTHY J. SAVAGE, J.